**Simon Horvitz and Albert Horvitz as Horvitz Bros., Defendants in Error, v. Sam Fredson, impleaded with Chris Swanson, Plaintiff in Error.**

### Gen. No. 17,182.

1. SALES—*furnishing cars*. Where a contract of sale "f. o. b." cars is silent as to whether the buyer or seller is to furnish cars, the jury in a case of conflicting evidence is to determine the construction placed on the contract by parties.

2. CONTRACTS—*lex loci*. The law of a state where a contract is made is controlling.

3. CONTRACTS—*law of other state*. Where the law of another state is not offered in evidence, it cannot be applied.

Error to the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed March 24, 1913.

RUSSELL P. FISCHER, for plaintiff in error; PETER FISHER, JR., of counsel.

JESSE LOWENHAUPT, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Defendants in error sued Swanson and Fredson in the Municipal Court to recover damages for a breach of a contract for the sale and delivery of fifty tons of cabbage by defendants to plaintiffs. Fredson only was served before the trial, which resulted in a verdict and judgment for the plaintiffs against Fredson for $865 damages, and to reverse such judgment Fredson prosecutes this writ of error. The grounds of reversal urged are: *first,* that the trial court erred in admitting improper evidence for the plaintiffs; and, *second,* that the court erred in refusing to direct a verdict for the defendant.

The contract of sale was made at Pleasant Prairie, Wisconsin, and provided that the cabbages should be delivered f. o. b. cars at that station. It is contended that the court improperly admitted evidence of the market value of cabbage at places some miles distant from Pleasant Prairie, and improperly permitted witnesses to testify as to the market value of cabbage at Pleasant Prairie who had not dealt in cabbage at that place, but had bought cabbage in the section of country in which Pleasant Prairie is situated. It was shown that Pleasant Prairie was a village of two or three hundred inhabitants, situated in a country where cabbage is largely grown; that the railroad rates from the different villages in that section were the same, and the price of cabbage substantially the same. We do not think that the rulings as to evidence complained of were erroneous.

The contention of plaintiff in error that a verdict should have been directed for the defendant is based on the contention that it was the duty of the plaintiffs, the buyers, to furnish cars at Pleasant Prairie for the cabbage, and that the failure of the defendant to deliver the cabbage was caused by the failure of the plaintiffs to furnish cars.

It is true, as contended by defendants in error, that as the contract was made and to be performed in Wisconsin, the law of that State is controlling on the question of whose duty it was to furnish the cars; but they offered no evidence as to the law of Wisconsin, and we are therefore unable to apply the law of that state to the contract in question.    Christiansen v. Graver Tank Works, 223 Ill. 142.

In Consolidated Coal Co. v. Jones & Adams Co., 232 Ill. 326, it was said: "Different courts have held different views as to whether the buyer or the seller is bound to furnish cars under such a contract containing no express stipulation on the subject.   (Hocking v. Hamilton, 158 Pa. St. 107; O'Brien Lumber Co. v. Wilkinson, 117 Wis. 468.)   The question has never been determined by this court.   (Harman v. Washington Fuel Co., 228 Ill. 298.)   In Consolidated Coal Co. v. Schneider, 163 Ill. 393, the court declared that a contract to furnish coal f. o. b. cars at a mine was silent in regard to the party who should furnish the cars, and that the agreement to furnish coal free on board the cars had no bearing on the question of whose duty it was to furnish the cars.   The court adopted the construction placed upon the contract by the parties themselves, as shown by the evidence."   The evidence as to the construction placed on the contract by the parties is conflicting; that for the plaintiffs tending to show that the defendants verbally agreed to furnish cars and did furnish the cars that were shipped to the plaintiffs; that plaintiffs did not agree to furnish cars, but only to help the defendants to secure cars, and that all the requests they made for cars were

made to help the defendants to get cars. The evidence for the defendants tends to show that the plaintiffs verbally agreed to furnish cars and that defendants did not agree to furnish and did not furnish cars. The finding of the jury implied by their verdict was that the construction placed on the contract by the parties was that it was the duty of the defendants to furnish cars. Whether the construction placed on the contract by the parties was that it was the duty of the plaintiffs or of the defendants to furnish cars, was, on the evidence in the case, a question of fact for the jury, on which their verdict must be held conclusive.

We think the court did not err in refusing to direct a verdict for the defendant.

We find no error in the record and the judgment is affirmed.

*Affirmed.*